IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY W. JACKS, # 168406, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:14cv649-MHT |
| | ) (WO) |
| WILLIE THOMAS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Johnny W. Jacks ("Jacks") on June 23, 2014. Doc. No. 1.[1] Jacks presents claims challenging his 2009 conviction for sexual abuse and the 25-year sentence imposed by the Autauga County Circuit Court. The respondents contend that Jacks's petition is time-barred by the one-year federal limitation period for § 2254 petitions. *See* Doc. No.8. After reviewing the pleadings and other submissions by the parties, the court concludes that no evidentiary hearing is required and that Jacks's petition should be denied as untimely.

**II.   DISCUSSION**

**A.   AEDPA's One-Year Limitation Period**

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF. Jacks avers in his petition that he signed it on June 23, 2014. Doc. No. 1 at 15. However, his petition was not received and filed in this court until July 3, 2014. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively, the date it is signed. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1.   *State Court Proceedings*

On June 24, 2009, an Autauga County jury found Jacks guilty of sexual abuse of a child under 12 years of age, in violation of § 13A-6-69.1, Ala. Code 1975.  On August 3, 2009, the trial court sentenced Jacks, as a habitual felony offender, to 50 years in prison.

Jacks appealed, and on August 13, 2010, his conviction was affirmed in a memorandum opinion issued by the Alabama Court of Criminal Appeals.  Doc. No. 8-3.  Jacks applied for rehearing, which was overruled on September 3, 2010.  Doc. No. 8-4.  He then filed a petition for

a writ of certiorari with the Alabama Supreme Court, which was denied on October 8, 2010. Doc. No. 8-5. A certificate of judgment was issued that same date. *Id*.; Doc. No. 8-6.

On October 14, 2011, Jacks filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Doc. No. 8-8 at 21. The trial court denied the Rule 32 petition on April 11, 2012. *See* Doc. No. 8-7 at 2; Doc. No. 8-8 at 38, 47. Jacks filed a notice of appeal to the Alabama Court of Criminal Appeals; however, on August 22, 2012, the Court of Criminal Appeals dismissed the appeal as untimely and issued a certificate of judgment. *See* Doc. No. 8-8 at 47, 52.

On October 22, 2012, Jacks filed a second Rule 32 petition. *Id*. at 14. On February 12, 2013, the trial court denied that petition as successive. *Id*. at 73. Jacks appealed, and on November 1, 2013, the Alabama Court of Criminal Appeals issue a memorandum opinion affirming the trial court's ruling. Doc. No. 8-11. Jacks applied for rehearing, which was overruled on December 13, 2013. Doc. No. 8-12. He then filed a petition for a writ of certiorari with the Alabama Supreme Court, which was denied; a certificate of judgment was issued on April 11, 2014. Doc. Nos. 8-13 and 8-14.

### 2.  *Analysis of Timeliness under AEDPA*

Because Jacks applied for rehearing in the Alabama Court of Criminal Appeals after that court affirmed his conviction on direct appeal and thereafter filed a timely petition for certiorari in the Alabama Supreme Court, he was allowed 90 days after the state court's October 8, 2010, issuance of a certificate of judgment to seek certiorari review in the United States Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). He filed no petition for writ of certiorari in the United States Supreme Court. Therefore, for purposes of the AEDPA, his judgment of conviction became final – and the time for him to seek direct review expired – on

3

January 6, 2011 (i.e., 90 days after October 8, 2010). *See* 28 U.S.C. § 2244(a)(1)(A). Thus, he had one year from January 6, 2011 – absent any tolling of the limitation period – to file a timely petition for habeas corpus relief under 28 U.S.C. § 2254.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). For Jacks, the federal limitation period ran from January 6, 2011, to October 14, 2011 (281 days), on which date Jacks filed his first Rule 32 petition, tolling the limitation period by operation of § 2244(d)(2). *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). Although Jacks appealed the trial court's April 12, 2012, denial of that Rule 32 petition, the appeal was untimely filed. Therefore, the state court proceedings on the Rule 32 petition were effectively final when the 42-day period (*see* Ala.R.App.P. 4(b)(1)) for Jacks to file a timely appeal from the Rule 32 denial expired, i.e., on May 24, 2012. *See Maze v. Giles*, 2013 WL 4045360, at *3-4 (N.D. Ala. Aug. 9, 2013) (where Rule 32 petitioner filed untimely appeal from trial court's denial of Rule 32 petition, his petition was no longer "pending" for purposes of § 2244(d)(2) tolling once the 42-day period to appeal the trial court's judgment expired), citing *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition."), and *Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [tolling the limitation period under] § 2244(d)(2).").

4

Therefore, the one-year federal limitation period (which had previously run for 281 days) began to run again on May 24, 2012 – leaving Jacks 84 days in which to file a timely § 2254 petition. The limitation period ran unabated for those 84 days, expiring on August 16, 2012. Although Jacks filed a second Rule 32 petition on October 22, 2012, that petition, and the state-court proceedings on it, had no tolling effect under § 2244(d)(2), because the one-year limitation period had already expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (Rule 32 petition cannot toll the one-year limitations period under § 2244(d)(2) if that period has expired prior to filing the Rule 32 petition). As noted above, Jacks filed his § 2254 petition with this court on June 23, 2014 – over 22 months after the federal limitation period expired.

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Jacks such that the federal limitation period commenced on some date later than January 6, 2011 (when his judgment of conviction became final) or expired later than August 16, 2012 (a date that accounts for tolling under § 2244(d)(2)). There is no evidence that any unconstitutional or illegal State action impeded Jacks from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Jacks presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Jacks submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

### B.   Equitable Tolling

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Jacks argues he is entitled to equitable tolling – and that the filing of his § 2254 petition beyond the limitation period should be excused – because he was ignorant of the law regarding the AEDPA's limitation period and because of his *pro se* status when pursuing post-conviction litigation. Doc. No. 14 at 3-9. Such grounds, however, do not entitle him to equitable tolling. A petitioner's *pro se* status, his ignorance of the law, and his lack of legal assistance are insufficient grounds on which to equitably toll the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing").

Jacks does not demonstrate extraordinary circumstances warranting equitable tolling. Because he failed to file his petition within the AEDPA's limitation period, his petition is time-barred.

### C. Actual Innocence

Jacks asserts his actual innocence of the crime of which he was convicted as a gateway to review of the claims in his untimely § 2254 petition. Doc. No. 14 at 8-11. Demonstrated actual innocence may trump a time-bar in a habeas proceeding and act as a gateway through which a petitioner can pass to have the claims in his § 2254 petition reviewed. *See Rozzelle v. Secretary,*

*Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Wyzykowski v. Dept. of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that habeas petitioners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Jacks points to absolutely no new evidence to support a claim of actual innocence. He does nothing more than cursorily assert his innocence, which is insufficient to satisfy the demanding standard of *Schlup*. Therefore, he is not entitled to the actual-innocence exception to the habeas statute's time-bar.

7

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before July 13, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 27th day of June, 2016.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE